1  Theodore K. Stream, State Bar #138160
   Email: Ted.Stream@streamkim.com
2  Mario H. Alfaro, State Bar #246420
   Email: Mario.Alfaro@streamkim.com
3  STREAM KIM HICKS WRAGE & ALFARO, PC
   3403 Tenth Street, Suite 700
4  Riverside, California 92501
   Telephone: (951) 783-9470
5  Facsimile: (951) 783-9475

6  Attorneys for Plaintiff, Minka Lighting, Inc.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11 MINKA LIGHTING, INC.,              **CASE NO.** 5:18-cv-947

12         Plaintiff,                 **COMPLAINT FOR:**

13    v.                              **DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

14 VAXCEL INTERNATIONAL CO., LTD.,

15

16         Defendant.

17

18    Plaintiff Minka Lighting, Inc. ("Minka") files this Complaint for Declaratory

19 Judgment against Defendant Vaxcel International Co., Ltd. ("Vaxcel"), and alleges as

20 follows:

21                    **THE PARTIES**

22    1.   Plaintiff Minka is a corporation duly organized and existing under the

23 laws of the State of California, with its principal place of business at 1151 West

24 Bradford Court, Corona, California 92882.

25    2.   Founded in 1982, Minka is in the business of designing, distributing,

26 marketing, and selling high-quality decorative lighting products, and other home

27 products.

28    3.   Defendant Vaxcel is an Illinois corporation with its principal place of

1

business at 121 E. North Avenue, Carol Stream, Illinois 60188.

4. Defendant Vaxcel designs, distributes, markets and sells lighting products throughout the United States. Defendant Vaxcel may be served with process through its registered agent, Deanna Salo, 1901 S. Meyers Rd., Suite 230, Oakbrook Terrace, IL 60181.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over Defendant Vaxcel because Defendant Vaxcel transacts business and solicits business in California and within this District. Vaxcel is the current assignee of U.S. Patent No. 9,551,481 (the "'481 Patent"). Moreover, by virtue of filing a lawsuit against Minka in the Northern District of Illinois, Defendant Vaxcel has purposefully directed its enforcement activities regarding the '481 Patent at Minka in California and the Central District of California. However, Defendant Vaxcel's suit in the Northern District of Illinois is subject to being dismissed as a matter of law because venue is improper in that District under 28 U.S.C. § 1400 and the United States Supreme Court's recent decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017). Promptly after filing this Complaint, Minka will file a Motion to Dismiss for Improper Venue in the Illinois action.

6. Defendant Vaxcel has substantial and continuous contacts with California, has purposefully availed itself of the privilege of doing business in California, and has through its claims of infringement impacted the market for Minka's products in California. Defendant Vaxcel should, therefore, reasonably anticipate being haled into Court in this State.

7. Minka is the only Plaintiff in this case, and it resides within the Eastern Division of the Central District of California. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b) and (c) because this Court has personal jurisdiction over Vaxcel and because a substantial part of the events giving rise to

Minka's declaratory judgment claim occurred in this District.

## NATURE OF THE ACTION

8. This is a patent declaratory judgment action over which the district courts have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

9. An actual controversy exists between Minka and Vaxcel because Vaxcel sued Minka in the Northern District of Illinois on January 26, 2018, alleging that a Minka lighting product (the "Accused Product") infringes one or more claims of the '481 Patent (Case No. 1:18-CV-607). That lawsuit should be dismissed for improper venue, but the actual controversy requirement has been established because it is clear Vaxcel intends to assert its '481 Patent rights against Minka.

## FIRST CAUSE OF ACTION

### (Declaration of Non-infringement of the '481 Patent)

10. Minka repeats and realleges the allegations contained in Paragraphs 1 through 9, as if fully set forth herein.

11. The '481 Patent, entitled "Sensing Lamp", issued on January 24, 2017. The inventor of the '481 Patent is Chia-The Chen. The '481 Patent was assigned to Vaxcel on January 25, 2018.

12. Minka has not infringed and is not infringing the '481 Patent, either directly or indirectly, literally of under the Doctrine of Equivalents, at least because the Accused Product lacks one or more of the elements required by one or more claims of the '481 Patent. There is a substantial, immediate, and actual controversy between Minka and Vaxcel concerning non-infringement of the '481 Patent.

13. Minka is entitled to a declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '481 Patent, either directly or indirectly, literally or under the Doctrine of Equivalents.

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Minka prays for entry of a final judgment:

1. Declaring that Minka has not infringed and is not infringing any valid claims of the '481 Patent;

2. That the Court retain jurisdiction of this action; and

3. Awarding Minka all such other relief as the Court deems just and equitable.

Dated: May 3, 2018

STREAM KIM HICKS
WRAGE & ALFARO, PC

_____
Theodore K. Stream
Mario H. Alfaro
Attorneys for Plaintiff
Minka Lighting, Inc.