1  **Adriana Cara, SBN # 221915____**
   adriana.cara@fisherbroyles.com
2  FISHERBROYLES LLP
   1902 Wright Place, Suite 200
3  Carlsbad, CA 92008
   adriana.cara@fisherbroyles.com
4  Telephone: (760) 918-5635
   Facsimile: (760) 918-5638
5  Attorney for Defendant, Vaxcel International Co., Ltd.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                           **EASTERN DIVISION**

11

12  MINKA LIGHTING, INC.                    Case No. 5:18-cv-947

13              Plaintiff,

14      v.                                  **MEMORANDUM OF LAW
                                            IN SUPPORT OF
15  VAXCEL INTERNATIONAL CO.,               DEFENDANT'S 12(b)(6)
    LTD.,                                   MOTION TO DISMISS
                                            COMPLAINT**
16              Defendant.
                                            Honorable George H. Wu
17
                                            Date:  August 2, 2018
18
                                            Time: 10:00 a.m.
19

20

21

22

23

24

25

26

27

28

                                      1

1

## I.    Conference of Counsel

2
3

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 26, 2018.

4

## II.    Introduction

5
6
7
8
9
10
11

Minka Lighting Inc ("Minka"), filed this Declaratory Judgment Action requesting a Declaration of Non-infringement of U.S. Patent No. 9,551,481 (the "Patent") in the U.S. District Court for the Central District of California (the "DJ action"), based entirely upon vague and unsupported legal conclusions and an assertion that there is at least one unidentified claim that it does not infringe. However, pleading rules require factual specificity and a facially credible request for relief.  Minka's DJ action fails to meet both requirements.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Several months prior to Minka filing the Complaint for Declaratory Judgment of Non-infringement (the "Complaint"), defendant, Vaxcel International Co., Ltd. ("Vaxcel") filed an action against Minka in the U.S. District Court for the Northern District of Illinois (the "NDI action") alleging patent infringement by Minka of the same Patent.  In the NDI action, Vaxcel identified with particularity at least 2 of Minka's products which infringe the Patent and the elements from those products which correspond to the elements of claim 1 of the Patent.  With full knowledge of the NDI action and the assertions therein, Minka nonetheless limited the Complaint to a single assertion of non-infringement of the Patent by "a Minka lighting product" which "lacks one or more of the elements required by one or more claims of the [] Patent." It is impossible to ascertain from the Complaint which of Minka's products is/are at issue and which claims and which elements from those claim(s) Minka believes are at issue.  Additionally, even if the pleadings are taken as true, they do not sufficiently plead a case for non-infringement as they do not assert non-infringement of every claim of the Patent.

28

MEMORANDUM IN SUPPORT OF DEFENDANT' MOTION TO DISMISS COMPLAINT

1      Given the absence of facts, the merely conclusory statements and the

2  failure to state a claim upon which relief can properly be granted, Vaxcel

3  respectfully requests that this Court dismiss Minka's Complaint with prejudice

4  pursuant to Fed. R. Civ. P. 12(b)(6) and award any relief to Vaxcel as the Court

5  deems just and fit.

6                          **III.   Legal Standard**

7      Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain

8  statement of the claim showing that the pleader is entitled to relief."  A

9  complaint should be dismissed "when the facts asserted by the claimant do not

10  entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257

11  (Fed. Cir. 2002).

12      Fed. R. Civ. P 12(b)(6) requires that a complaint be dismissed if it "fail[s]

13  to state a claim upon which relief can be granted."  For a claim to properly be

14  stated, the complaint "must contain sufficient factual matter, accepted as true, to

15  state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

16  662, 678 (2009).  However, bald legal conclusions do not receive the same

17  presumption of truth as factual allegations.  *Clegg v. Cult Awareness Network*,

18  18 F.3d 752, 754-55 (9th Cir. 1994).  A complaint will not survive a motion to

19  dismiss for failure to state a claim if it does not "contain . . . sufficient factual

20  matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

21  *Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

22  544, 570 (2007)).

23                          **IV.   Arguments**

24  **A. Insufficient Pleading for Non-Infringement**

25      A patent is infringed if one or more claims from that patent is infringed.

26  The reverse, however, is not true; non-infringement of a patent requires non-

27  infringement of every claim of that patent.  Minka's Complaint, aside from its

28

**MEMORANDUM IN SUPPORT OF DEFENDANT' MOTION TO DISMISS COMPLAINT**

1   other deficiencies (e.g. the complete lack of factual assertions), does not assert

2   that Minka's products do not infringe every claim of the Patent.  Instead,

3   Minka's Complaint includes a single cause of action in which Minka alleges

4   that it does not infringe the Patent because "the Accused Product lacks one or

5   more of the elements required by one or more claims of the '481 Patent." See

6   Complaint at □12.  Minka then, *inter alia*, prays for "a final

7   judgment…declaring that Minka has not infringed and is not infringing any

8   valid claims of the '481 Patent".

9       It is unclear if Minka is requesting that this Court Declare that Minka

10   does not infringe "one or more claims" of the Patent (as plead) or if Minka's

11   pleadings simply do not support its Prayer for Relief.  In either case, Minka's

12   complaint fails to state a claim upon which relief can properly be granted.

13       In the first instance, a declaration that Minka does not infringe "one or

14   more claims" of the Patent would be a meaningless declaration since Minka

15   infringes at least claim 1 of the Patent (as specified in the NDI action).  This

16   fact would not be negated by the requested declaration.  Thus, Minka's

17   requested declaration would be ambiguous and improper.

18       If Minka is requesting a Declaration that Minka does not infringe every

19   claim of the patent then Minka's pleadings do not support such a declaration.

20   Minka makes no assertion that any of the claims of the Patent are invalid.  Thus,

21   the prayer for relief, which refers to "valid claims", must apply to every claim

22   of the Patent.  However, Minka has not alleged that it does not infringe every

23   claim of the patent.  Instead, Minka merely presents a conclusion that it does

24   not infringe "one or more" claims of the Patent.  Thus, even if the conclusion

25   were taken as true, which there is no reason to do so, the assertion that "one or

26   more" claims of the patent are not infringed does not support a declaration that

27   no claim is infringed.

28

4

**MEMORANDUM IN SUPPORT OF DEFENDANT' MOTION TO DISMISS COMPLAINT**

Considering the foregoing, Minka's Complaint fails to state a claim upon which relief can properly be granted as the only relief requested is either not supported by the pleadings or would be ambiguous.  Minka's Complaint is invalid on its face and should be dismissed.

**B. No Facts Plead**

A complaint that fails to provide sufficient factual support for the requested relief must be dismissed. *Iqbal* at 678.  Minka not only failed to provide sufficient factual support, Minka has failed to plead even a single fact in support of its requested relief.  Minka has not identified a product at issue, has not identified a specific element from any claim which it allegedly does not infringe and has not identified a claim which it allegedly does not infringe.  As such, Minka's Complaint should be dismissed with prejudice.

Instead of facts, Minka sets forth a single conclusory assertion that a Minka lighting product "lacks one or more of the elements required by one or more claims of the [] Patent."  Unlike with factual assertions, the Court is not required to accept Minka's conclusory statement as true for purposes of this Motion.  Thus, Minka's Complaint should be dismissed with prejudice for failing to state a claim upon which relief can be granted.

### V.   Conclusion

Vaxcel respectfully requests that the Court dismiss Minka's Complaint under Fed. R. Civ. P. 12(b)(6) with prejudice and award Vaxcel any additional

///

///

///

///

///

///

**MEMORANDUM IN SUPPORT OF DEFENDANT' MOTION TO DISMISS COMPLAINT**

1    relief as the Court deems just and fit.

2

3    Respectfully submitted,

4    **FISHERBROYLES LLP**

5

6

7    _____*/s/Adriana Cara*_____

8    Adriana Cara
     Email:
9    adriana.cara@fisherbroyles.com

10   *Attorney for Defendant*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28